Hugh Mair and Hugh G. Mair, Appellarts, vs. D. A. January, et als., Respondents.

APPEAL FROM THE DISTRICT COURT OF OLMSTED COUNTY.

Where a commission to take the deposition of a witness is directed to more than one commissioner, it should appear from the return that they were all present, or if not, that they were duly notified to be present at the time and place of taking the deposition. (*Rule 12, District Court Rules, Appendix to 1st Min. Rep.*)

The following ground of Error in the Points of the Appellants' Counsel, was the only one passed upon in the Opinion of the Court.

The Rules expressly intend that more than one person may

be named as commissioners, and require the fact to be certified if all of the commissioners do not attend, &c. *Vide Rules 12 and* 13, *District Court.*

Points and authorities of the Respondents :

It does not appear that the depositions were *properly taken*, in this, that the commission was executed by one of the commissioners named only, and if the commission may issue to more than one person, rule twelve, of the rules before referred to, provides that it cannot be executed by one of the commissioners only, unless the others "fail to attend at the time and place for taking the testimony, *after being duly notified thereof*." And rule thirteen provides that the " commissioners taking the testimony *shall endorse upon the commission, whether any commissioner not attending was notified.*" Now in this case there was no endorsement *on the commission,* of any kind whatever, but in a postscript to the certificate to the depositions, the commissioner states that the other commissioners " were not present, were unable to. attend," etc., but does not state they were notified " of the time and place for taking the testimony." We submit that this defect (besides having a suspicious look of something unfair about it) is a fatal objection to the depositions. Furthermore, said rule thirteen also provides that the commissioner shall " endorse upon the *commission* the time or times and place of executing it," which is not done in this case, but these facts are stated in the *certificate* to the depositions. The same rule also provides that the commissioner shall certify at the *bottom of each deposition* that it was subscribed and sworn to *before him.*

In the present case there is no certificate whatever at the bottom of the deposition of one witness, (that of George W. Gray), the certificate which should have been made, being incorporated with the certificate to the deposition of John J. Shaw. And although it is certified that the witnesses were sworn, yet it is nowhere certified they were sworn *before him,* as required by the rule.

If depositions can be read in evidence which have been taken without any more regard to the statute and rules of court than was observed in this case, then we confess we see

but little use of statutes and rules upon the subject.  *See Fleming vs. Hollinsback,* 7 *Barb. S. C.* 271 ; *Ames vs. Gatey,* 1 *Min.* 387.

SMITH & GILMAN and W. L. BRECKINRIDGE, Counsel for Appellant.

JOHN B. BRISBIN and E. A. McMAHON, Counsel for Respondents.

*By the Court.*—ATWATER, J.  Suit on promissory notes. A commission to take depositions was issued to John Hansey, Jr., Warren Ballore, and George W. Camp, which was issued out of and under the seal of the District Court of Olmsted County, by virtue of an order of Moses W. Fay, acting as Court Commissioner.  Various objections were taken to the reading of these depositions on the part of the defence, only one of which it is necessary to notice.

Rule twelve, of the rules of the District Court, provides that " should any or either of the commissioners fail to attend at the time and place for taking testimony, after being notified thereof, any one or more commissioners named in the commission may proceed to execute the same."

This rule does not appear to have been complied with in taking these depositions.  The depositions were taken by George W. Camp, one of the commissioners named in the commission.  In the certificate of this commissioner returned with the commission, it does not appear that the other commissioners were present, nor that they were *ever notified of the time and place of taking the depositions.*  This defect is fatal to the depositions.  Where more than one commissioner is named, each party has a right to have all present, and if not all present, it must at least appear, that they have had the opportunity of being present, by a proper notification of the taking of the depositions.  This is such a defect of substance as cannot be disregarded, and the depositions should not have been received by the court below.  The judgment below is reversed, and a new trial granted.